UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | **CIVIL ACTION NO.** |
| **Plaintiff** | |
| **v.** | |
| **RESOURCES FOR HUMAN DEVELOPMENT, INC. D/B/A FAMILY HOUSE OF LOUISIANA** | |
| **Defendant** | |

## COMPLAINT AND JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, the United States Equal Employment Opportunity Commission, and files its Complaint and Jury Demand. Plaintiff respectfully avers as follows:

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Lisa Harrison, through her estate ("Ms. Harrison"),

- 1 -

who was adversely affected by such practices. This suit is also brought to effectuate appropriate injunctive relief to others who may have been adversely affected by Defendant's discriminatory practices, and to prevent further occurrence of such practices.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA" or "statute"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.

The unlawful employment practices alleged herein were committed within the judicial district of this Court.

## PARTIES

3.

Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.

At all relevant times, Defendant, Resources for Human Development, Inc. d/b/a Family House of Louisiana ("Defendant" or "RHD"), has continuously been a non-profit corporation organized under the laws of the State of Pennsylvania, doing business within the State of Louisiana, and has continuously had at least 15 employees.

5.

At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.

At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**STATEMENT OF CLAIMS**

7.

At least since September of 2007, Defendant has engaged in conduct in Terrytown, Louisiana, which violates the ADA.

8.

More than thirty (30) days prior to the institution of this lawsuit, Ms. Harrison filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

9.

Ms. Harrison was at all times relevant a qualified individual with a disability within the meaning of the ADA.  Prior to the institution of this action, Ms. Harrison deceased.  Her interests in this matter survive her death and are represented by her estate and her designated heirs.

10.

At all times relevant to this action, Ms. Harrison had severe obesity, which is a physical impairment within the meaning of the ADA, and which Defendant regarded as such an impairment.

11.

Ms. Harrison began working for Defendant in 1999.  Defendant fired her from her position of "Prevention / Intervention Specialist" on or about September 6, 2007 ("discharge" or "termination").

12.

At the time of the discharge, Defendant regarded Ms. Harrison as being substantially limited in one or more major life activities, including but not limited to walking, as a result of her obesity.

13.

Ms. Harrison was, at all times relevant, able to perform the essential functions of her position with Defendant, with or without accommodation.

14.

Defendant terminated Ms. Harrison's employment because of her disability, within the meaning of the ADA, in violation of the statute.

15.

The practices complained of herein deprived Ms. Harrison of equal employment opportunities by denying her a job because of her disability.

16.

The unlawful employment practices complained of herein were committed with malice or with reckless indifference to Ms. Harrison's federally protected rights.

17.

The unlawful employment practices complained of herein were intentional.

18.

The unlawful employment practices complained of herein caused Ms. Harrison to suffer economic injuries, including but not limited to lost wages, as well as nonpecuniary injuries.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from refusing to accommodate and from illegally terminating individuals who are "disabled"

within the meaning of the ADA, and any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices. Such policies may include, but are not limited to, training of employees concerning disability discrimination and reporting to the Commission complaints of discrimination, *vel non*.

C. Order Defendant to make Ms. Harrison whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to discipline the employee who unlawfully terminated Ms. Harrison's employment, to remediate the instant violation of the statute, and to render less likely such violations in the future.

E. Order Defendant to make Ms. Harrison whole by providing compensation for past pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F. Order Defendant to make Ms. Harrison whole by providing compensation for past nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional and mental anguish, pain and suffering,

humiliation, loss of enjoyment of life, and devastation, in amounts to be determined at trial.

G. Order Defendant to pay Ms. Harrison punitive damages for its malicious and reckless conduct, as described hereinabove, in amounts to be determined at trial.

H. Grant such further legal or equitable relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, the Commission hereby requests a jury on all issues raised in the instant Complaint which may be tried by jury.

Respectfully submitted,

**P. DAVID LOPEZ**
General Counsel
No Bar Roll Number Assigned
**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned
**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned

**JIM SACHER**
Regional Attorney
La. Bar Roll Number 14888
Equal Employment Opportunity
Commission
Houston District Office
Mickey Leland Federal Building
1919 Smith Street
Houston, Texas 77002-8049
Direct Line: (713) 209-3398


/s/ Gregory T. Juge
**GREGORY T. JUGE (T.A.)**
Senior Trial Attorney
La. Bar Roll No. 20890
**TANYA L. GOLDMAN**
Senior Trial Attorney
No Bar Roll Number Assigned
**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**
New Orleans Field Office
1555 Poydras Street
Suite 1900
New Orleans, LA  70112
Tel:    (504) 595-2878 (Main Legal #)
         (504) 595-2877 (Juge)
         (504) 595-2914 (Goldman)
Fax:    (504) 595-2886 or 589-6861
**COUNSEL FOR PLAINTIFF,**
**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**

REGISTERED AGENT FOR
SERVICE OF PROCESS:

LOUISIANA CORPORATE & REGISTERED AGENT SERVICES, INC.
3867 PLAZA TOWER DR., 1ST FLOOR
BATON ROUGE, LA  70816