UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | * * * | CIVIL ACTION NO. 10-3322 |
| Plaintiff, | * | |
| vs. | * * * | SECTION "B" |
| | * | |
| RESOURCES FOR HUMAN DEVELOPMENT, INC. D/B/A FAMILY HOUSE OF LOUISIANA | * * * * | MAGISTRATE 2 |
| Defendants. | * | |

*******************************************

### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Resources for Human Development, Inc. d/b/a Family House of Louisiana ("Family House" or "Defendant"), and answers the Complaint of Plaintiff, U.S. Equal Employment Opportunity Commission ("Plaintiff"), as follows:

### FIRST DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations and/or by laches.

**SECOND DEFENSE**

The Complaint fails to state a claim against Defendant upon which relief may be granted.

**THIRD DEFENSE**

Any alleged employment practice complained of in the Complaint is neither unlawful nor discriminatory.

**FOURTH DEFENSE**

Defendant had a legitimate, non-discriminatory reason for any and all actions taken regarding Lisa Harrison.

**FIFTH DEFENSE**

Some or all of the purported claims and/or some or all of the relief requested in the Complaint are barred because, even if any alleged discrimination or harassment occurred (Defendant denies that any such conduct occurred), Ms. Harrison failed to put Defendant on notice of the alleged misconduct in a timely manner, failed to take advantage of preventive or corrective opportunities provided by Defendant, failed to provide Defendant a reasonable opportunity to stop or correct the alleged misconduct and/or to remedy the alleged harm, and failed to avoid harm otherwise.

**SIXTH DEFENSE**

Some or all of the claims against Defendant and/or some or all of the relief requested are barred because even if Defendant was found to have taken any actions affecting Ms. Harrison, such actions were not malicious, egregious, in bad faith, or in willful or reckless indifference or disregard of any legal rights of Ms. Harrison.

**SEVENTH DEFENSE**

Plaintiff has failed to comply with all conditions precedent and with all statutory requisites for filing the instant suit against Defendant.

**EIGHTH DEFENSE**

All claims brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, (the "ADA"), which were not included in a timely filed charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC") or investigated by the EEOC are barred because of the failure to satisfy the statutory prerequisites or because of a lack of subject matter jurisdiction.

**NINTH DEFENSE**

Plaintiff's claims brought pursuant to the ADA are limited by the scope of the charges of discrimination filed with the EEOC.

**TENTH DEFENSE**

All claims brought pursuant to the ADA with respect to acts or events occurring, or with respect to which Ms. Harrison was notified, prior to 300 days before the filing of a corresponding charge with the EEOC are barred by the applicable statute of limitations or statutory procedural requirements.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred because the EEOC failed to follow the requisites set forth or bring this action within the time limits set forth in Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1), which is incorporated by Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

**TWELTH DEFENSE**

All claims brought pursuant to the ADA which were not filed within 90 days of Ms. Harrison's receipt of a notice of right to sue from the EEOC are barred by the applicable statute of limitations or statutory procedural requirements.

**THIRTEENTH DEFENSE**

Lisa Harrison was not a qualified individual with a disability within the meaning of the ADA.

**FOURTEENTH DEFENSE**

Family House did not regard Ms. Harrison as having a disability or an impairment that substantially limits one or more major life activities within the meaning of the ADA.

**FIFTEENTH DEFENSE**

Ms. Harrison failed to mitigate her damages as required by law.

**SIXTEENTH DEFENSE**

Defendant is entitled to all just and lawful offsets and credits against damages (if any) to which Plaintiff and/or Ms. Harrison's estate may be entitled.

**SEVENTEENTH DEFENSE**

The Plaintiff's claims are barred, in whole or in part, by time limitations.

**EIGHTEENTH DEFENSE**

Any damages to which Plaintiff may be entitled under federal discrimination statutes are subject to a statutory cap.

**NINETEENTH DEFENSE**

The damages of which Plaintiff complains, if such damages occurred, were caused by the acts or omissions of Ms. Harrison or by the acts or omissions of persons for whom Defendant bears no responsibility or liability.

**TWENTIETH DEFENSE**

Any allegations not specifically admitted herein are denied.

**AND NOW**, further answering the specific allegations of the Complaint, Defendant avers as follows:

1.

The allegations contained in Paragraph 1 of Plaintiff's Complaint call for a legal conclusion and thus require no response from Defendant. To the extent a response may be deemed required, the allegations are denied as written, except to admit that this Court has jurisdiction over this matter.

2.

The allegations contained in Paragraph 2 of Plaintiff's Complaint are denied, as no unlawful employment practices were committed in this matter.

3.

The allegations contained in Paragraph 3 of Plaintiff's Complaint call for a legal conclusion and thus require no response from Defendant. To the extent a response may be deemed required, the allegations are denied insofar as the EEOC failed to follow the requisites set forth or bring this action within the time limits set forth in Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1), which is incorporated by Section 107(a) of the ADA, 42 U.S.C. § 12117(a). The remaining allegations are admitted.

4.

The allegations contained in Paragraph 4 of Plaintiff's Complaint are admitted.

5.

The allegations contained in Paragraph 5 of Plaintiff's Complaint call for a legal conclusion and thus require no response for Defendant.  To the extent a response may be deemed required, the allegations are admitted.

6.

The allegations contained in Paragraph 6 of Plaintiff's Complaint call for a legal conclusion and thus require no response from Defendant.  To the extent a response may be deemed required, the allegations are admitted.

7.

The allegations contained in Paragraph 7 of Plaintiff's Complaint are denied.

8.

In response to the allegations contained in Paragraph 8 of Plaintiff's Complaint, it is admitted that more than thirty days prior to the institution of this lawsuit, Ms. Harrison filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by Defendant, claiming that Defendant discriminated against her in terminating her employment because it regarded her as disabled.  All other allegations are denied.

9.

The allegations contained in Paragraph 9 of Plaintiff's Complaint are denied except to admit that prior to the EEOC's filing of this lawsuit, Ms. Harrison died.

10.

The allegations contained in Paragraph 10 of Plaintiff's Complaint are denied.

11.

The allegations contained in Paragraph 11 of Plaintiff's Complaint are admitted.

12.

The allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

13.

The allegations contained in Paragraph 13 of Plaintiff's Complaint are denied.

14.

The allegations contained in Paragraph 14 of Plaintiff's Complaint are denied.

15.

The allegations contained in Paragraph 15 of Plaintiff's Complaint are denied.

16.

The allegations contained in Paragraph 16 of Plaintiff's Complaint are denied.

17.

The allegations contained in Paragraph 17 of Plaintiff's Complaint are denied.

18.

The allegations contained in Paragraph 18 of Plaintiff's Complaint are denied.

19.

The allegations contained in the Prayer portion of the Complaint and all other unnumbered or misnumbered portions of the Complaint are denied.

20.

By way of further answer, Defendant asserts:

Plaintiff's Complaint is completely void of merit and has been brought for purposes of harassment and without any factual support of a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*,. As a result of this action, Defendant has been compelled to employ the firm of ADAMS AND REESE LLP to defend them in this frivolous action. Defendant is,

therefore, entitled to attorneys' fees and other litigation costs and expenses from Plaintiff and/or its attorney either pursuant to Federal Rule of Civil Procedure Rule 11, as the prevailing party under 42 U.S.C. § 12205, and/or all other applicable fee-shifting provisions.

**WHEREFORE,** Defendant prays:

1. That the above answer be deemed good and sufficient and, after due proceedings are had therein, there be judgment in favor of Defendant and against Plaintiff, rejecting all of Plaintiff's demands and dismissing Plaintiff's Complaint with prejudice, at the sole cost of Plaintiff; and

2. For such other and further relief to which it may be entitled in law and in equity.

Respectfully submitted,

**ADAMS AND REESE** $^{LLP}$
/s Shelly Spansel Howat
Janis van Meerveld (#18478)
Shelly Spansel Howat (# 30067)
4500 One Shell Square
New Orleans, LA 70139
Telephone:    (504) 581-3234
Facsimile:    (504) 566-0210
***Attorneys for Defendant,***
***Resources for Human Development, Inc.***
***d/b/a Family House of Louisiana***

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system. Notice of this filing will be sent to all counsel electronically by operation of the Court's electronic filing system.

s/ Shelly Spansel Howat
SHELLY SPANSEL HOWAT