UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff | CIVIL ACTION NO. 10-3322 |
| v. | SECTION B JUDGE LEMELLE |
| RESOURCES FOR HUMAN DEVELOPMENT, INC. D/B/A FAMILY HOUSE OF LOUISIANA Defendant | MAG. 2 (WILKINSON) |

**FEDERAL RULE OF CIVIL PROCEDURE 56(d) DECLARATION OF TANYA L. GOLDMAN IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I, Tanya L. Goldman, am an attorney for the United States Equal Employment Opportunity Commission ("EEOC" or "Commission") in the New Orleans Field Office. I am counsel in the captioned case of *EEOC v. Resources for Human Development, Inc. d/b/a Family House of Louisiana*, E.D. La. Civil Action No. 10-3322.

On August 16, 2011, Defendant filed a Motion for Summary Judgment. (R. Doc. 19.) The EEOC's opposition to Defendant's motion contends that Defendant's argument that the EEOC must prove a physiological cause for morbid obesity to show that it is an impairment within the meaning of the ADA is wrong as a matter of law. However, should the Court hold that the EEOC must prove this, then there is an issue of fact as to whether Ms. Harrison's morbid obesity was the result of a physiological disorder.

1

For the following specific reasons, in the event the Court were to find that the Commission has not presented facts essential to justify its opposition on this issue at this time, such failure would be the result of the following considerations:

1. Plaintiff has diligently pursued discovery, including, for example, exchanging written discovery with Defendant, obtaining Ms. Harrison's medical records, seeking expert evidence, and noticing an entry upon land with one of its experts for the facility where Ms. Harrison worked.  At this time, Plaintiff has not yet taken any depositions because of other demands and the procedural posture of this matter.  The discovery deadline is not until January 13, 2012. (R. Doc. 8.)  The EEOC has for a number of months been engaged in the acquisition of medical records and other documents from third parties concerning Ms. Harrison.  These documents may be necessary to properly prepare to depose Defendant's current or former employees, as well as third party fact witnesses, and Ms. Harrison's treating physicians.

2. The EEOC has also diligently pursued, and expects to timely obtain, expert evidence regarding the nature of Ms. Harrison's morbid obesity.[1]  The Commission's deadline to provide an expert report is November 14, 2011, more than two months away. (R. Doc. 8.)  If the Commission presents evidence that Ms. Harrison's obesity was the result of a physiological cause, this would prove she had an impairment under any interpretation of the ADA, even the cases which the Commission contends incorrectly applied the Statute.  Such evidence would present facts essential to the Commission's opposition to Defendant's motion.

---

[1] The EEOC would be willing to provide, *in camera*, additional information about its specific efforts in seeking expert evidence, if the Court were to order such a Declaration.  Given the provisions of the Federal Rules of Civil Procedure, as recently amended, and the Scheduling Order, such details constitute the EEOC's non-discoverable work product, to which Defendant is not entitled.

2

3. Additionally, if the Court finds that the EEOC has not in its Opposition presented sufficient evidence to defeat summary judgment in all respects, the EEOC would be unfairly and severely prejudiced without having an opportunity to depose Defendant's employees.  The EEOC intends to depose, for example, Michele Vick, the official who terminated Ms. Harrison.  Ms. Vick's deposition will be critical to the EEOC in developing the facts regarding the nature of her perceptions of Ms. Harrison, which facts would most likely yield material issues of fact in opposing Defendant's motion.  The EEOC is also likely to depose Defendant under Rule 30(b)(6) of the Federal Rules of Civil Procedure concerning Defendant's defenses, its perceptions of Ms. Harrison, and other facts relevant to this case.

4. If the Court finds that the EEOC has not in its Opposition presented sufficient evidence to defeat summary judgment in all respects, the EEOC believes that these and other facts probably exist, are susceptible of collection within a reasonable time frame, and, if adduced, will influence the outcome of the pending summary judgment motion, consistent with Rule 56(d).

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on the 6th day of September, 2011.

/s/ Tanya L. Goldman
**TANYA L. GOLDMAN**