UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, **Plaintiff** | CIVIL ACTION NO. 10-3322 |
| v. | SECTION B JUDGE LEMELLE |
| RESOURCES FOR HUMAN DEVELOPMENT, INC. D/B/A FAMILY HOUSE OF LOUISIANA **Defendant** | MAG. 2 (WILKINSON) |

### EEOC'S STATEMENT OF CONTESTED FACTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission"), submits this Statement of Contested Facts in opposition to Defendant's motion for summary judgment. The EEOC responds below to the numbered paragraphs within Defendant's "Statement of Uncontested Material Facts." (R. Doc. 19-1.) The text of each of Defendant's purported uncontested facts is set forth in the corresponding numbered section below, in bold, for ease of the Court's reference.

1. **Lisa Harrison was employed at Family House Louisiana, a long-term residential treatment facility for chemically dependent women and their children, located in Terrytown, Louisiana, from November 23, 1999 till her termination almost eight years later on September 6, 2007.**

This statement does not materially support Defendant's Motion for Summary Judgment. Additionally, the EEOC disputes the accuracy of this statement. Ms. Harrison did not work in Terrytown, Louisiana, from 1999 until 2007. (See Def.'s Answer and Position Statement, R. Doc. 19-7.)

**2. Upon information and belief, Ms. Harrison weighed over 400 pounds at the time she was hired.**

This statement does not materially support Defendant's Motion for Summary Judgment. Additionally, Defendant has offered no evidence in support of this statement. The EEOC does not dispute the accuracy of this statement.

**3. On October 17, 2007, Ms. Harrison filed a charge of discrimination alleging that she was terminated on the basis of having been regarded as disabled because of her obesity. (Exh. "A")**

The EEOC contests this statement, which incompletely paraphrases what the charge states. The EEOC refers the Court to the charge itself, to establish the totality of its contents. The EEOC further notes that Ms. Harrison alleged that "On September 6, 2007, I was discharged because of my weight." Ms. Harrison also alleged that the terminating official said "that Jefferson Parish (who funds the program) told her to terminate me due to my limited mobility." The EEOC further notes that on the charge, the box next to "disability" is checked. (R. Doc. 19-3.)

**4. Ms. Harrison denied actually having any disability, stating in her charge:**

> *I believe that I was discriminated against in violation of the Americans with Disabilities Act, in that I was regarded as having a disability. I worked for this company for eight years and at no time during my employment has my weight caused me difficulty nor stopped me from performing my job. I have never had a write-up or supervision concerning this matter. (Exh "A")*

This statement is contested. The quoted language from Ms. Harrison's Charge of Discrimination does not include any statement where Ms. Harrison denies actually having any disability. (R. Doc. 19-3.) Moreover, nothing on the face of the charge suggests that Ms. Harrison did not have an actual disability, or is in any way inconsistent with her having an actual disability. Ms. Harrison's assertion that she was able to perform her job supports, rather than undermines, her disability claim.

**5. In addition, she specifically denied having any disability in her EEOC Intake Questionnaire. (Exh. "D")**

The EEOC contests this statement. The EEOC admits that Ms. Harrison completed the document, which speaks for itself. On that form, Ms. Harrison checked a box next to the statement, "No disability but the organization treats me as if I am disabled". (R. Doc. 19-6 at 3.) This statement does not materially support the motion for summary judgment. Whether a lay employee, who does not know the definition of, and who in fact probably never heard of the phrase, "actual disability," considers herself to have a disability is of no moment in an ADA litigation. The issue is whether, in fact, she had an impairment which substantially limited one or more major life activities. The EEOC is unaware of any statements by Ms. Harrison regarding those issues, such as, for example, whether she was significantly restricted in the manner,

condition, or duration under which she could walk, compared to an average person in the general population.

**6. Nor did the scope of the EEOC's investigation extend to any actually disabled claim: RHD was not asked to address a claim of actual disability in its Position Statement, nor did it do so. In fact, RHD confirmed that Ms. Harrison's claim was only that she was "regarded as" disabled in its 2007 Position Statement:**

> *While the Charge of Discrimination indicates discrimination based on "Disability," it is apparent from Ms. Harrison's statement of particulars that she is not claiming that she is actually disabled. In fact, she denies any disability or incapacity to do her job (she states in the Charge of Discrimination, "at no time during my employment has my weight caused me difficulty nor stopped me from performing my job". Rather, she states her belief that she was discriminated against in that she was "regarded as" having a disability.*
> *\*\*\**
> *As Ms. Harrison has not claimed that she is actually physically disabled, RHD has not presented any arguments to the contrary. For the record, however, RHD denies that Ms. Harrison suffers from a physical disability as the result of her obesity. As noted below, RHD acknowledges that Ms. Harrison's obesity affected her performance, but denies that it substantially limited her in any major life activity. RHD responds in this Answer and Position Statement only to Ms. Harrison's claim that she falls within the statute because she was "regarded as" disabled by RHD. (Exh "E" p.* **4,** *emphasis added)*

This statement does not materially support Defendant's Motion for Summary Judgment. *See, e.g., Clark v. Kraft Foods*, 18 F.3d 1278, 1280 (5th Cir.1994) ("the actual scope of an EEOC investigation does not determine whether a claim is exhausted"). The EEOC admits that Defendant was not asked to specifically address whether Ms. Harrison had an actual disability. Rather, Defendant was invited to offer all evidence it considered relevant to the charge. In the course of doing so, Defendant stated its position that it did not consider Ms. Harrison to have an actual disability. Defendant also made numerous statements which demonstrated that it considered Ms. Harrison to be substantially limited, *inter alia*, in the major life activity of walking. (See R. Doc. 19-7.)

**7. Nor did EEOC follow up on any alleged claim of actual disability in the investigation it continued to conduct, including posing numerous questions to RHD, none of which related to an actual disability. (Exh. "F")**

This statement does not materially support Defendant's Motion for Summary Judgment. *See, e.g., Clark v. Kraft Foods*, 18 F.3d 1278, 1280 (5th Cir.1994) ("the actual scope of an EEOC investigation does not determine whether a claim is exhausted"). Defendant itself volunteered numerous statements showing that, according to Defendant, Ms. Harrison was substantially limited, *inter alia*, in walking and working. Given Defendant's affirmative assertions — to the undeniable effect that, according to it, Ms. Harrison was substantially limited in one or more

major life activity, there would have been no need to follow up on Defendant's position in that regard. (R. Doc. 19-7.)

**8. Finally, in its Cause Determination, the EEOC was wholly silent as to any alleged actual disability: "The Charging Party alleges she was terminated from her employment because the Respondent regarded her as disable."** *(sic)(Exh.* **"G")**

This statement does not materially support Defendant's Motion for Summary Judgment. *See, e.g., Clark v. Kraft Foods*, 18 F.3d 1278, 1280 (5th Cir.1994) ("the actual scope of an EEOC investigation does not determine whether a claim is exhausted"). The contents of the Determination (which Defendant has incompletely quoted) speak for themselves. There is no requirement in the law that, as a prerequisite to filing suit, the Determination articulate the theories of liability to be advanced in litigation.

**9. While the charge was still pending, on November 1, 2009, Ms. Harrison died at age 48, of obesity related issues.**

This statement does not materially support Defendant's Motion for Summary Judgment. The EEOC does not dispute that Ms. Harrison died on November 1, 2009, or that she was 48 years old at the time. The rest of the statement is contested as written. Ms. Harrison's death certificate lists her immediate cause of death as "morbid obesity." The death certificate further lists hypertension, diabetes, and congestive heart failure as "other significant conditions contributing to death but not resulting in the underlying cause". (Pl.'s Ex. D.)

**10. Medical records reflect that Ms. Harrison weighed approximately 540 pounds at the time of her termination in 2007, and 441 pounds in 2008, a year prior to her early death.**

This statement does not materially support Defendant's Motion for Summary Judgment. Additionally, Defendant has offered no evidence in support of this statement. The statement is also contested. Ms. Harrison's medical records from an appointment on September 14, 2007, one week after her termination, indicate her weight was 527 pounds. (Pl.'s Ex. B.) Plaintiff does not contest that Ms. Harrison weight 441 pounds at some point in 2008.

**11. In 2010, the EEOC filed this lawsuit against RHD alleging that it had discriminated against Ms. Harrison on the basis of her obesity. The Complaint states that Ms. Harrison was regarded as disabled by RHD. However, the Complaint also suggests that the EEOC may be alleging that Ms. Harrison had an actual disability, i.e. that her obesity caused her a substantial limitation in a major life activity.**

This statement does not materially support Defendant's Motion for Summary Judgment. The EEOC contests the statement in that it incompletely paraphrases the contents of the Complaint. The EEOC refers the Court to the Complaint to determine its contents in their totality. (R. Doc. 1.) The EEOC notes that it is currently pursuing through discovery its claims based on all theories of coverage available under the statute (actual disability, regarded as disabled, and record of disability).

**12. EEOC failed to plead in its Complaint that Ms. Harrison's obesity was the result of a physiological cause.**

This statement does not materially support Defendant's Motion for Summary Judgment. The EEOC contests the statement in that it incompletely paraphrases the contents of the Complaint. The EEOC refers the Court to the Complaint to determine its contents in their totality. The EEOC agrees that it did not plead that Ms. Harrison's obesity was the result of a physiological cause, which is not an element of an ADA claim, much less a specific fact that must be pled in a Complaint to satisfy the requirements of the Federal Rules of Civil Procedure.

**13. EEOC failed to plead in its Complaint that anyone at RHD believed that Ms. Harrison's obesity was the result of a physiological cause.**

This statement does not materially support Defendant's Motion for Summary Judgment. The EEOC contests the statement in that it incompletely paraphrases the contents of the Complaint. The EEOC refers the Court to the Complaint to determine its contents in their totality. The EEOC agrees that it did not plead that anyone at RHD believed that Ms. Harrison's obesity was the result of a physiological cause, which is not an element of an ADA claim, much less a specific fact that must be pled in a Complaint to satisfy the requirements of the Federal Rules of Civil Procedure.

**14. EEOC failed to allege in its answers to discovery or supplemental answers to discovery that Ms. Harrison's obesity was the result of a physiological cause. (Exh. "B" and "C")**

This statement does not materially support Defendant's Motion for Summary Judgment. This statement is contested as written. The EEOC stated in its discovery responses that the cause of a disability is not relevant to an ADA claim. (R. Doc. 17-7.)

**15. EEOC failed to allege in its answers to discovery or supplemental answers to discovery that anyone at RHD believed that Ms. Harrison's obesity was the result of a physiological cause. (Exh. "B" and "C")**

This statement does not materially support Defendant's Motion for Summary Judgment. This statement is not contested. The EEOC notes that its responses further stated that the "Commission anticipates developing substantial additional evidence concerning Defendant's perceptions through depositions, discovery responses, and documents." (R. Doc. 17-7.)

**16. The two decision makers involved in Ms. Harrison's termination, Ms. Randee Gallo and Ms. Michele Vick, have both denied that they believed that Ms. Harrison's obesity was the result of a physiological cause. Ms. Vick believed the obesity was likely caused by overeating. Ms. Gallo never thought about it. (Declarations of Vick and Gallo, Exh. "H")**

This statement does not materially support Defendant's Motion for Summary Judgment. The EEOC has not yet had a chance to depose Ms. Vick or Ms. Gallo regarding their perceptions, which supports the EEOC's request for relief under Rule 56(d).

Respectfully submitted,

**P. DAVID LOPEZ**
General Counsel
No Bar Roll Number Assigned
**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned
**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned
**JIM SACHER**
Regional Attorney
La. Bar Roll Number 14888
Equal Employment Opportunity Commission
Houston District Office
Mickey Leland Federal Building
1919 Smith Street
Houston, Texas 77002-8049
Direct Line: (713) 209-3398

/s/ Tanya L. Goldman
**GREGORY T. JUGE**
Senior Trial Attorney
La. Bar Roll No. 20890
**TANYA L. GOLDMAN**
Trial Attorney
No Bar Roll Number Assigned
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans Field Office
1555 Poydras Street
Suite 1900
New Orleans, LA  70112
Tel:     (504) 595-2878 (Main Legal #)
          (504) 595-2877 (Juge)
          (504) 595-2914 (Goldman)
Fax:    (504) 595-2886 or 589-6861
**COUNSEL FOR PLAINTIFF,
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been served on counsel of record for all parties, via email, United States mail, postage pre-paid, via facsimile transmission, via hand delivery, via E.C.F., or via next day delivery.

September 6, 2011                                      /s/ Tanya L. Goldman
Date                                                         **Tanya L. Goldman**