UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, **Plaintiff** | CIVIL ACTION NO. 10-3322 |
| v. | SECTION B JUDGE LEMELLE |
| RESOURCES FOR HUMAN DEVELOPMENT, INC. D/B/A FAMILY HOUSE OF LOUISIANA **Defendant** | MAG. 2 (WILKINSON) |

**EEOC'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S FIRST MOTION FOR SUMMARY JUDGMENT**

Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC"), submits this Supplemental Memorandum in Opposition to Defendant's First Motion for Summary Judgment. For the additional reason set forth below, and in the attached expert report of Dr. George Bray, MD, Defendant's Motion should be denied.

**I.  PROCEDURAL POSTURE**

On August 16, 2011, Defendant filed a motion for summary judgment. (R. Doc. 19.) The EEOC opposed the Motion, and further noted that the Motion was premature. (R. Doc. 26.) The EEOC maintains, as discussed in its opposition, that Defendant is incorrect, as a matter of law, that the ADA requires a showing that a physical impairment has a "physiological" cause. Nevertheless, the EEOC now submits additional evidence that there is, at best for Defendant, a genuine issue of material fact as to whether Ms. Harrison's obesity had a physiological cause,

further precluding summary judgment on Plaintiff's ADA claims.[1]  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).

## II. ARGUMENT

Defendant contends that summary judgment is appropriate because the EEOC has not pleaded or proved a physiological basis for Ms. Harrison's obesity. (R. Doc. 19-2 at 18.)  The EEOC submits with this supplemental memorandum in opposition to Defendant's Motion the expert report of Dr. George Bray, MD. (Pl.'s Ex H.)  Dr. Bray is a world-renowned expert on obesity.  In the attached report, he concludes that Ms. Harrison's obesity was the result of a physiological cause and affected numerous bodily systems, thus proving that she had an impairment under any interpretation of the law, even those cases which the Commission contends incorrectly applied the Statute.  Dr. Bray concludes that:

> (1) Ms Harrison's obesity was a physiological/pathological disorder that affected at least the cardiovascular, skin and endocrine body systems: I would characterize Ms Harrison's obesity as a physiological/pathological disease. It certainly has a physiological basis that has led to the pathological changes that are described in her medical records.
>
> (2) . . . Medical science cannot currently determine the specific cause in every given patient, but it is a medical certainty that Ms Harrison's obesity was caused by a physiological condition or disorder that lead to the pathological consequences we see here.

Plaintiff has therefore submitted evidence that Ms. Harrison has a "physiological disorder, or condition . . . affecting one of more of the following body systems: cardiovascular . . . . skin, and endocrine." 29 C.F.R. § 1630.2(h)(1) (prior version).  Such evidence, at a minimum, creates an issue of fact regarding whether Ms. Harrison had an impairment, within the meaning of the ADA. *See, e.g., Cook v. State of Rhode Island, Dep't of Mental Health, Retardation, and Hospitals*, 10 F.3d 17, 23 (1st Cir. 1993) (holding that "the jury could plausibly have found that

---

[1] In fact, the EEOC may be entitled to summary judgment on this issue, based on the totality of the evidence adduced in discovery.

plaintiff had a physical impairment; after all, she admittedly suffered from morbid obesity, and she presented expert testimony that morbid obesity is a physiological disorder involving a dysfunction of both the metabolic system and the neurological appetite-suppressing signal system, capable of causing adverse effects within the musculoskeletal, respiratory, and cardiovascular systems."); *E.E.O.C. v. Watkins Motor Lines, Inc.*, 463 F.3d 436 (6th Cir. 2006) (Gibbons, J., concurring) (recognizing that "morbid obesity . . . may have a physiological cause"); *Greenberg v. Bellsouth Telecomm.*, 498 F.3d 1258 (11th Cir. 2007) (finding that plaintiff could establish his obesity was the result of a physiological cause); *Cordero v. Florida*, 06-529, 2007 WL 2972988, *4 (N.D. Fla. Oct. 9, 2007) (finding that plaintiff could establish a physiological cause of his obesity); *Hopkins v. General Motors*, 05-71802, 2007 WL 674327, *6 (E.D. Mich. Feb. 28, 2007) (assuming for purposes of motion that plaintiff's evidence of genetic predisposition to morbid obesity was sufficient); *Butterfield v. New York State*, 1998 WL 401533, *8 (S.D.N.Y. July 15, 1998).

## II.   CONCLUSION

Based on the evidence submitted with the EEOC's Opposition and Supplemental Memorandum in Opposition, Defendant has not met its burden under Rule 56 to establish, through admissible evidence, the absence of any genuine disputes of material fact.  The EEOC therefore respectfully requests that the Court deny Defendant's motion.

Respectfully submitted,


**P. DAVID LOPEZ**
General Counsel
No Bar Roll Number Assigned
**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned
**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned
**JIM SACHER**
Regional Attorney
La. Bar Roll Number 14888
Equal Employment Opportunity
Commission
Houston District Office
Mickey Leland Federal Building
1919 Smith Street
Houston, Texas 77002-8049
Direct Line: (713) 209-3398

/s/ Tanya L. Goldman
**GREGORY T. JUGE**
Senior Trial Attorney
La. Bar Roll No. 20890
**TANYA L. GOLDMAN**
Trial Attorney
No Bar Roll Number Assigned
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans Field Office
1555 Poydras Street
Suite 1900
New Orleans, LA 70112
Tel: (504) 595-2878 (Main Legal #)
 (504) 595-2877 (Juge)
 (504) 595-2914 (Goldman)
Fax: (504) 595-2886 or 589-6861
E-mail: Gregory.Juge@eeoc.gov
 Tanya.Goldman@eeoc.gov
**COUNSEL FOR PLAINTIFF,
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been served on counsel of record for all parties, via email, United States mail, postage pre-paid, via facsimile transmission, via hand delivery, via E.C.F., or via next day delivery.


| November 18, 2011 | /s/ Tanya L. Goldman |
|---|---|
| Date | **Tanya L. Goldman** |