U.S. EQUAL OPPORTUNITY COMMISSION      CIVIL ACTION

VERSUS      NUMBER:  2:10-cv-03322

RESOURCES FOR HUMAN DEVELOPMENT      SECTION:  "B"
d/b/a/ FAMILY HOUSE OF LOUISIANA

## ORDER AND REASONS

Before this Court is the United States Equal Employment Opportunity Commission's (EEOC or Plaintiff) Motion for Partial Summary Judgment (Rec. Doc. No. 54). In response, Resources for Human Development, Inc. d/b/a Family House of Louisiana (Defendant) filed its Opposition to the Plaintiff's Motion for Partial Summary Judgment (Rec. Doc. No. 59). For the reasons assigned below,

**IT IS ORDERED** that Plaintiff's Motion for Partial Summary Judgment be **GRANTED IN PART** and **DENIED IN PART**.[1]

## PROCEDURAL HISTORY

Lisa Harrison (Harrison) was hired by Defendant at Family House of Louisiana (Family House), a long-term residential treatment facility for chemically-dependant women and their children, on November 23, 1999 as a Prevention/Intervention Specialist. (Rec. Doc. No. 54-1 at 2). Her job included oversight of a day care program for the children of mothers staying at Family House. *Id.* At the time she was hired, Harrison weighed more than

---

[1] We are grateful for the work on this case by Elizabeth Etherton, a Tulane Law School extern with our chambers.

400 pounds. (Rec. Doc. No. 19-1 at 1).

On September 6, 2007, Family House terminated Harrison. (Rec. Doc. No. 54-2 at 2). On that date, she weighed 527 pounds.[2] *Id.* On October 17, 2007, Harrison filed a charge of discrimination with Plaintiff, claiming her termination was the result of Defendant regarding her as disabled due to her obesity. (Rec. Doc. No. 19-1 at 2).[3]

Harrison passed away on November 1, 2009. (Rec. Doc. No. 26 at 3). The official cause of death listed on her Death Certificate was "morbid obesity." (Rec. Doc. No. 26-7). Additionally, her Death Certificate listed hypertension, diabetes, and congestive heart failure as other "significant conditions contributing to death." *Id.*

The instant suit was filed by the EEOC on behalf of Harrison's estate on September 30, 2010. (Rec. Doc. No. 1). Specifically, the EEOC alleged that Harrison had severe obesity, which is a physical

---

[2] Harrison's medical records indicate that she weighed over 500 pounds for multiple years when she worked for Defendant. (Rec. Doc. No. 2 at 2 n. 3). Specifically, in June 2006, she weighed 527 pounds. *Id.* This was just three months after receiving a performance evaluation where she was rated as "excellent" by Michele Vick in seven out of twelve areas, including "Quality of Work." *Id.* at 2. Additionally, on September 14, 2007, her medical records indicate that she weighed 527 pounds. (Rec. Doc. No. 26-4 at 2.)

[3] Specifically, Harrison denied having an actual disability and stated that she was "discriminated against in violation of the Americans with Disabilities Act (ADA), in that [she] was regarded as having a disability." (Rec. Doc. No. 19-1 at 2, citing Rec. Doc. No. 19-2).

impairment under the Americans with Disabilities Act (ADA) and that Defendant regarded her as disabled because of it. *Id.* at 4. Therefore, the EEOC claims that Harrison's termination was a violation of Title I of the ADA. *Id.* at 5.

Defendant filed its Motion for Summary Judgment on August 16, 2011. Defendant filed its Second Motion for Summary Judgment on November 7, 2011. On December 6, 2011, this Court ruled against Defendant's Motions for Summary Judgment (Rec. Doc. No. 42). Plaintiff filed this Motion for Partial Summary Judgment on January 10, 2012.

## CONTENTIONS OF MOVANT

Plaintiff requests that this Court find that, as a matter of law, the EEOC has established a *prima facie* case of disability so as to shift the burden of production to Defendant. (Rec. Doc. No. 54 at 1). Further, Plaintiff contends that they have affirmatively established the first element of a claim under the ADA–coverage under the terms of the statute–and so there is no "genuine issue of material fact that Lisa Harrison had a 'disability.'" Plaintiff also contends that Harrison was "regarded by Defendant as being substantially limited" by her obesity. *Id.* at 2. Lastly, Plaintiff asserts there is "direct evidence that Defendant discriminated against Ms. Harrison in terminating her because of her obesity." *Id.*

**CONTENTIONS OF RESPONDENT**

Defendant takes issue with all three contentions raised by Plaintiff in its Motion for Partial Summary Judgment. First, Defendant argues that Plaintiff has not established a *prima facie* case of disability discrimination because it has not been proven that Harrison could adequately perform her job before she was terminated. (Rec. Doc. No. 59 at 1). Second, Defendant does not concede that Harrison was disabled pursuant to such the meaning under the ADA, which would rightfully bring Plaintiff's claim under the ADA; instead, Defendant "stipulates that it regarded Ms. Harrison as substantially limited in walking" and nothing else. *Id.* at 2. Third, Defendant claims that there is no direct evidence that Harrison was discriminated against on the basis of her weight. *Id.* Defendant asserts that a summary judgment ruling on this determination would allow the EEOC to have no burden of proof in their discrimination case, and so, this determination would be "completely unsupported by the law." *Id.*

**LAW AND ANALYSIS**

**A. Standard of Review**

**1. Summary Judgment**

A motion for summary judgment shall be granted by a court "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must support a motion

by either citing to materials available in the record or showing that the materials do not establish the absence or presence of a genuine dispute. *Id.* 56(c). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" affirmatively show that there is no material issue of fact. *Id.; Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden is on the moving party to identify portions of the record that demonstrate the absence of a genuine issue of material fact. *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). However, the burden shifts to the non-moving party if the movant can demonstrate that there is no material fact in dispute. *Celotex*, 477 U.S. at 325.

The court is required to draw and inferences of fact in a light most favorable to the non-moving party. *See, e.g.*, Matsushita *Elec. Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). A party opposing a properly supported motion for summary judgment must set forth specific facts showing that there are genuine issues of material fact to be presented at trial. *See* Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986).

## 2. The Americans with Disabilities Act

Under the ADA, a disability is "(A) a physical or mental

impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1) (2006). No entity can discriminate against a qualified individual on the basis of a disability "in regard to job application procedures, the hiring advancement, or discharge of employee." *Id.* § 12112(a). This includes the failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business." *Id.* § 12112(b)(5)(A).

**B. The EEOC has affirmatively established that Lisa Harrison had a "disability" within the meaning of the ADA**

This Court has already affirmatively stated that Harrison is a "qualified individual with a disability" under the ADA. (Rec. Doc. No. 42 at 13-17).

> Harrison is a qualified individual under the auspices of the ADA. At all relevant times, she was severely obese, which is an impairment under the ADA. (Rec. Doc. [No.] 26 at 2-3). Additionally, she was actually disabled as a result of her severe obesity because of the resulting diabetes and heart problems. (Rec. Doc. No. 26-7).

*Id.* at 15. Therefore, partial summary judgment on this issue is proper.

**C. The EEOC has not Established that Defendant Regarded Harrison as Substantially Limited in Major Life Activities, such as "Being Mobile" and Working**

On the second part of its first claim, the EEOC requests a

finding that Harrison "was regarded by Defendant as being substantially limited in the major life activities of walking, being mobile, and working." (Rec. Doc. No. 54-1 at 2). An individual who is "regarded as" disabled is one "who has been subjected to an action prohibited by the ADA as amended because of an actual or perceived impairment that is not both 'transitory and minor.'" 29 C.F.R. § 1630.2(g)(1)(iii). Liability under this part of the ADA is only established "when an individual proves that a covered entity discriminated on the basis of disability within the meaning of section 102 of the ADA." 29 C.F.R. § 1630.2(l)(3) (2011).

This Court has already noted there was "sufficient evidence that supports the notion that Family House and Defendant regarded her as disabled based upon her supervisor's comments." (Rec. Doc. No. 42 at 17). Defendant concedes it regarded Harrison's weight and other conditions to substantially limit her ability to walk. (Rec. Doc. No. 59 at 10). Defendant further states through Gallo and Vick, Harrison's supervisors, that Harrison performed her work in the past and could have done so while sitting. *Id.* However, Defendant contends that "for whatever reason, [she was] not doing it." *Id.* at 10-11.

**D. The EEOC has not Established a *Prima Facie* Case of Disability Discrimination**

In order to establish a *prima facie* case of discrimination, the EEOC must affirmatively prove that (1) there is a disability

within the meaning of the ADA; (2) the complaining party is a "qualified individual with a disability;" and (3) the complaining party suffered an adverse employment decision because of the disability. *Hamilton v. Sw. Bell Tel. Co.*, 136 F.3d 1047, 1050 (5th Cir. 1998). In the instant case, this Court has already determined that severe obesity was an impairment, within the meaning of the ADA. (Rec. Doc. No. 42 at 9-13). Similarly, this Court has held that Harrison, the complaining party, is a qualified individual with a disability. *Id.* at 13-17. However, on the final prong of the ADA requirements, "[w]hether or not Harrison actually suffered an adverse employment decision due to her morbid obesity is the key issue of material fact in the instant case. Since there is an existing question regarding this issue, summary judgment is inappropriate on this claim at the present time." (Rec. Doc. No. 42 at 18). The key contested issue for trial is whether Harrison's disability was the cause of her termination from Family House. Summary judgment on this issue is not proper at this time.

## E. Material Factual Disputes Forecloses Summary Disposition on the Basis for Termination

Harrison specifically claims that her termination was the result of Family House regarding her as disabled. (Rec. Doc. No. 19-6 at 2-3). Conversely, Defendant states that "Harrison's employment was terminated because she was no longer capable of properly performing some of the essential job functions included in her duties . . . for the pre-school children in her care." (Rec.

Doc. No. 19-7 at 1). In its ruling on Defendant's Motion for Summary Judgment, this Court specifically found that the cause of Harrison's termination was "the key issue of material fact" in the instant case. (Rec. Doc. No. 42 at 18). Another key issue will be whether reasonable accommodations would have been a viable option under the circumstances. Therefore, summary judgment on this issue is inappropriate at the present juncture.

## CONCLUSION

As Plaintiff can prove that Harrison was a qualified individual with a disability, **IT IS ORDERED** that summary judgment on that issue alone be **GRANTED.** However, since there are still material facts at issue concerning whether Defendant regarded Harrison as being substantially limited in major life activities and the cause of her termination from Family House, **IT IS ORDERED** that summary judgment on the remaining issues–the substantial limitation of her life activities, the *prima facie* case of disability discrimination, and the cause of Harrison's termination–be **DENIED** without prejudice to reconsider at trial, especially in view of inconsistent positions taken by defendants' key supervisors on remaining material issues.

New Orleans, Louisiana, this 28th day of February, 2012.

UNITED STATES DISTRICT JUDGE