UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, **Plaintiff** | CIVIL ACTION NO. 10-3322 |
| v. | SECTION B JUDGE LEMELLE |
| RESOURCES FOR HUMAN DEVELOPMENT, INC. D/B/A FAMILY HOUSE OF LOUISIANA **Defendant** | MAG. 2 (WILKINSON) |

## CONSENT DECREE

The United States Equal Employment Opportunity Commission ("the Commission" or "EEOC") instituted the captioned civil action in the United States District Court for the Eastern District of Louisiana, alleging that Resources for Human Development, Inc. d/b/a Family House of Louisiana ("RHD" or "Defendant"), violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"), and alleging that Defendant discriminated against Lisa Harrison due to her "disability" within the meaning of the ADA;

Defendant and the Commission (the "Parties") have agreed to settle this matter for the relief specified in this Consent Decree ("Decree");

The Parties now wish to resolve all claims and controversies encompassed by this lawsuit without the burden, expense or delay of further litigation;

Therefore, it is **ORDERED, ADJUDGED, AND DECREED** that:

**I.      JURISDICTION**

This Court has jurisdiction over the parties and the subject matter of this action.

**II.     FINDINGS**

The terms of this Consent Decree were reached by a process of negotiation and compromise.

### III. SCOPE

The negotiation, execution, and entry of this Consent Decree will resolve any and all claims of ADA violations brought by the Commission against Defendant alleged in the instant civil action. This Consent Decree relates only to the violations alleged in EEOC Charge Number 461-2007-02626 and the instant civil action, or that could have been raised in this action. The EEOC reserves all rights to proceed with respect to matters not covered in this Consent Decree, and to secure relief on behalf of aggrieved persons not covered by the terms of this Consent Decree.

### IV. TERMS

**1. SETTLEMENT PAYMENT.**

a. Within ten days of the entry of this Consent Decree by the Court, Defendant shall pay to the Estate of Lisa Burmaster Harrison the sum of $125,000.00 ("Settlement Payment"). Defendant shall send the Settlement Payment to the Estate of Lisa Burmaster Harrison, by trackable express delivery, such as FedEx, UPS, or DHL, at the following address: 14472 Brenda Drive, Gonzales, LA 70737. The settlement check in the amount of $125,000 shall be made payable to the order of "The Estate of Lisa Burmaster Harrison."

b. Upon delivering the Settlement Payment, Defendant shall, on the same date, deliver to counsel for the EEOC, at the address set forth for delivery of reports in paragraph 3(d), a copy of the check remitted to the Estate of Lisa Burmaster Harrison, and tracking information for the delivery.

2. **CLASSIFICATION OF DAMAGES.**

a. The Parties agree that the Settlement Payment shall, for tax purposes, be classified as non-wage damages available under 42 U.S.C. § 1981a ("Section 1981a damages"). The parties agree that these non-wage damages reasonably represent payment associated with a claim for compensatory, non-pecuniary damages. The parties agree that in light of the evidence, and in the circumstances of this case, it is reasonable to assess that lost wages do not comprise a substantial portion of the damages which are compensated through this settlement.

b. Defendant shall timely issue an IRS form 1099 to the Estate of Lisa Burmaster Harrison in the amount of $125,000. The IRS form will be sent to the Estate at the address set forth above, not later than January 31, 2013, unless the EEOC advises Defendant otherwise.

c. In the event that the Internal Revenue Service or the State of Louisiana determines that Defendant should have withheld taxes from any part of the Section 1981a damages, then the Estate shall indemnify and hold Defendant harmless for penalties, fines, or interest actually imposed. Such indemnification shall not exceed the amount of taxes, penalties and wages attributable to the Estate, and shall not extend to taxes, penalties and wages that are determined to be owed by Defendant.

3. **REPORTS OF COMPLAINTS AND ACCOMMODATION REQUESTS.**

a. Defendant shall provide the Commission with six written reports, the first due on the date falling six months after the entry of this Decree by the Court, with each successive report due six months after the deadline for submitting the previous report, setting forth the following, in regard to (1) all complaints of "disability" discrimination [including discrimination on the basis of actual disability, record-disability, and regarded-as disability], of

which Defendant's Human Resources Director becomes aware,[1] asserted during the Compliance Period of this Decree (as defined below) against RHD, or any of its subsidiaries, and (2) any denials of a request for reasonable accommodation of a disability, made during the Compliance Period of this Decree, of which Defendant's Human Resources Director becomes aware, concerning RHD or any of its subsidiaries, during the preceding six months:

   i. the name of the complainant and, if different, the name of the alleged victim, or, in the case of a request for reasonable accommodation, the name of the person making the request;

   ii. the nature of the conduct complained of, or, in the case of a request for reasonable accommodation, a description of the alleged disability and the accommodation requested;

   iii. an explanation of the investigation and the outcome of the complaints or requests for accommodation; and

   iv. in the event that, with respect to any of the incidents reported by Defendant under this paragraph, Defendant has not fully complied with one or more provisions of this Decree, the signatory of the report shall indicate what shortcomings have occurred and shall outline a plan to assure immediate compliance. This foregoing provision does not in any way restrain the Commission's authority

---

[1] Defendant shall take reasonable steps to ensure that, in the event complaints of disability discrimination, or requests for reasonable accommodations, are made to personnel other than the Human Resources Director, those complaints or requests for accommodation shall be referred to the Human Resources Director for handling in accordance with this Decree.

to invoke provisions for judicial review of Defendant's compliance with any terms and conditions of this Decree.

    b. If within 60 days after RHD's submission of any semi-annual report pursuant to section 3(a), the Commission requests in writing additional information regarding any particular complaint(s) or denied request(s) for reasonable accommodation identified in such semi-annual report, then RHD shall, within 30 days after receipt of such request, provide the following information to the Commission with respect to each such complaint or denied request for reasonable accommodation identified in the Commission's request: contact information for all persons who are subjects of the investigation of such complaint or of the request for reasonable accommodation (*e.g.* witnesses and alleged victims), including name, current RHD business address, email address, and phone number (if still employed by RHD), or name and last known home address and home phone number (if no longer employed by RHD).

    c. A claim of a failure to accommodate is not foreclosed if the complainant does not use the word "accommodation." While the complainant need not use the word "accommodation" specifically, he/she must provide sufficient information to put Defendant on notice of the need for an accommodation consistent with the ADA, as amended (ADAAA).

    d. Defendant shall send all reports, certificates, or other materials required under this Decree to the EEOC to the following address: Gregory T. Juge, Acting Supervisory Trial Attorney, U.S. EEOC, New Orleans Field Office, 1555 Poydras Street, Suite 1900, New Orleans, Louisiana, 70112, with a copy to Jim Sacher, Regional Attorney, U.S. EEOC, Houston District Office, 1201 Louisiana Street, 6th Floor, Houston, Texas 77002 and Tanya Goldman, Senior Trial Attorney, tanya.goldman@eeoc.gov. The reports may be sent as email attachments to the recipients' designated email addresses.

    e. The Commission is entitled, within 30 days of a written request, to receive copies of underlying documentation pertaining to the complaint(s) or request(s) for accommodations, and their disposition, identified in the Commission's request under paragraph 3(b), as may be necessary to determine compliance with this Decree.  The Commission must send RHD any such request within sixty days after the Commission's receipt of information pursuant to paragraph 3.

  **4.** **TRAINING.**

    a. On an annual basis during the Compliance Period, Defendant agrees to require its Executive Director, all Corporate Human Resources personnel, all Corporate Associate Directors, all HUB Directors (i.e. corporate Assistant Directors), company-wide, and all Program Directors in Louisiana (approximately 35 people) to attend a training of two hours' duration, conducted by qualified employment counsel, concerning the provisions of, and Defendant's obligations under, the ADAAA.  This training shall be accompanied by written materials, concerning ADAAA topics covered in the training, for the attendees.  The training may also include information about other laws prohibiting discrimination and harassment in the workplace; however, at least two hours of the training must relate to the ADAAA.  The training shall be conducted by live seminar, either in person, or via the internet (for visual participation) and telephone (for audio participation), or by similarly effective means, such as videoconference.  The program for this training shall be prepared by outside employment counsel (not an employee of RHD or any of its subsidiaries), with at least five years of legal experience in employment discrimination law.  The training shall be configured so as to permit attendees to ask questions and have them answered during the training session.  The training shall include a reasonably detailed discussion of the circumstances of this litigation, this Court's summary judgment

rulings, and the terms of this Consent Decree.  The training shall inform the attendees that an employee's failure to comply with the ADAAA, and/or Defendant's ADAAA policies, may result in discipline, up to and including termination, as well as ineligibility for re-employment.  An agenda for the first training will be provided to the EEOC at least 30 days before the training.  The EEOC will have the opportunity to comment and negotiate changes to the agenda until one week before the training.

      b.    Defendant shall provide to the Commission, to the attention of the individuals listed in paragraph 3(d), a certification that the required training has been completed, accompanied by a copy of the training materials referred to above, with Defendant's semi-annual reporting, discussed in paragraph 3.  The certification shall set forth the total number of persons trained in compliance with the Decree, the date(s) and times of the training, the location(s) of the training, and the name(s) of the person(s) who conducted the training.  Defendant agrees that it shall maintain records reflecting the names of the persons who attend the training and the dates of their attendance and shall provide these lists to the Commission's designated representatives along with the periodic reports outlined above.

      c.    Any employee with supervisory responsibilities listed in Paragraph 4(a), who fails to attend any ADAAA training program mandated by this Decree, shall be required to attend a make-up training program, or view a videotape of the entire original training program, within 120 days of the missed program.  Such make-up attendance shall be reported as required under subparagraph 4(b).

    5.    **POLICIES AND POSTINGS.**

      a.    Defendant shall, within six months from the entry of this Decree, implement a written employment policy ("policy") concerning disability discrimination and

employment rights under the ADAAA, which shall be made available to all employees of RHD and each of its subsidiaries, by placement on its intranet and notice thereof, or by other, similarly-effective means.  The policy shall cover all key aspects of disability discrimination, including, but not necessarily limited to, the definitions and principles of impairment, disability, substantial limitation, major life activity, essential job functions, direct threat, reasonable accommodation, and undue hardship, within the meaning of the ADAAA.  The policy: (i) shall state that any employee who violates it may be subject to discipline, up to and including termination; (ii) shall state that no employee will be retaliated against for complaining of discrimination, or pursuing rights, under the ADAAA; and (iii) shall provide a detailed description of the processes for making complaints of disability discrimination, seeking reasonable accommodation, and investigation of complaints and requests for accommodation.  Defendant shall either include this policy in its Corporate Personnel Manual, or provide reference to where it can be found within the Manual.  Defendant shall provide counsel for the EEOC a certification of compliance with these requirements, including a copy of the employment policy concerning disability discrimination and ADAAA rights, with Defendant's first semi-annual report.

      b.    Defendant shall, within six months from entry of this Decree, issue a memorandum regarding the requirements of the ADAAA and specifically, reasonable accommodation, to all HUB Directors and program directors company-wide.  The memorandum shall require that any requests for reasonable accommodations that are proposed for denial must first be reported to Human Resources for consideration and coordination, to reasonably ensure compliance with this Decree.

c. Defendant shall post and keep posted, in conspicuous places upon the premises of each of its U.S. locations, where notices to employees and applicants for employment are customarily posted, the posters required to be displayed in the workplace by EEOC regulation 29 C.F.R. § 1601.30.

d. Defendant shall, within six months of the entry of this Decree, distribute to the group of individuals described in Paragraph 4(a) a summary of this litigation and its settlement. Defendant shall provide this summary to the EEOC with its first semi-annual report. Defendant shall further notify all individuals in such group that serious discipline, up to and including termination, will be imposed for failing to reasonably accommodate qualified individuals with a disability who are current or prospective employees, for terminating any qualified individual because of a disability, as defined in the ADAAA, or for failing to reasonably cooperate with any RHD or EEOC investigation of any claim of disability discrimination.

## 6. TRIBUTE TO LISA HARRISON

a. Defendant agrees that within six months of the entry of this Decree, it will permanently name a children's room at Family House of Louisiana in memory of Lisa Harrison. Defendant shall, within six months of the entry of this Decree, memorialize the room with a plaque, to be not less than 9 inches by 12 inches in dimension, including the following inscription:

> ***In Memory of Lisa Harrison,***
> Who loved and cared for the children at the
> Family House of Louisiana from 1999 to 2007.

This plaque shall at all times include or be accompanied by a color copy of the photograph of Ms. Harrison, attached as Exhibit A, printed on archival quality paper, not less than 8 by 10

inches in dimension.  In the alternative, the plaque could incorporate the photograph of Ms. Harrison.  The plaque and photograph shall not be removed from the Family House of Louisiana Facility, as long as the Facility exists and is owned or operated by Defendant.  The plaque and photograph shall each bear on the back the following statement: "Do not remove, by Order of the United States District Court for the Eastern District of Louisiana, Civil Action 10-3322, dated [insert date of the Entry of this Decree].  In the event that Defendant ceases to own or operate the Family House of Louisiana, Defendant shall permanently place the plaque and photograph of Ms. Harrison in a prominent location at its Headquarters.

        b.      With Defendant's first semi-annual report, Defendant shall provide to the EEOC photographic evidence sufficient to demonstrate compliance with all aspects of paragraph 6(a).  The EEOC shall be entitled, on seven days' notice, to inspect the premises of the Family House of Louisiana to verify compliance with subparagraph 6(a).  In the event that Defendant must relocate the plaque and photograph of Ms. Harrison, in accordance with subparagraph 6(a), then Defendant shall, within 30 days, provide the EEOC with (i) written confirmation that the relocation has occurred, (ii) written details of the new location in compliance with this Decree, and (iii) photographic evidence demonstrating compliance with this Decree.

        **7.**      **DURATION: COMPLIANCE AND ENFORCEMENT.**

        a.      In the event that Defendant fails to perform its obligations during the Compliance Period, the EEOC is empowered to enforce this Consent Decree through applicable judicial enforcement procedures and to seek sanctions which may be due as a result of the need to enforce this Decree.

        b.      The three years following the Court's execution and entry of this Decree shall constitute the "Compliance Period."  Notwithstanding any other provision of this Decree,

however, the requirements under paragraph 6 are permanent, and will not cease at the end of the Compliance Period.

       c.    The Commission shall have six months from the end of the Compliance Period to commence enforcement actions relative to any violation by Defendant ("Enforcement Period").

12.    Should any provision of this Decree be declared or be determined by any Court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected, and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Decree.

13.    This Decree sets forth the entire agreement between the Commission and Defendant as to the captioned lawsuit.

14.    The Parties will bear their own attorney's fees and costs incurred in connection with the litigation of this case.

15.    The Court shall retain jurisdiction of this action for purposes of enforcing this Decree, as appropriate, including but not limited to the duration of the Compliance Period, the Enforcement Period, and any period during which any enforcement actions under this Decree are pending.

**THUS DONE AND SIGNED**, New Orleans, Louisiana, this  5th  day of _____April_____, 2012.

_____
United States District Judge

**APPROVED AS TO FORM AND CONTENT:**

          **FOR PLAINTIFF:**

**P. DAVID LOPEZ**
General Counsel
No Bar Roll Number Assigned
**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned
**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned
**JIM SACHER**
Regional Attorney
James.Sacher@eeoc.gov
La. Bar Roll Number 14888
U.S. Equal Employment
Opportunity Commission
Houston District Office
1201 Louisiana 6th Floor
Houston, Texas 77002
Direct Line: (713) 651-4963


/s/ Tanya L. Goldman
**GREGORY T. JUGE (T.A.)**
Acting Supervisory Trial Attorney
Gregory.Juge@eeoc.gov
La. Bar Roll No. 20890
**TANYA L. GOLDMAN**
Senior Trial Attorney
Tanya.Goldman@eeoc.gov
No Bar Roll Number Assigned
U.S. Equal Employment
Opportunity Commission
New Orleans Field Office
1555 Poydras Street, Suite 1900
New Orleans, LA  70112
Tel:    (504) 595-2878 (Main Legal #)
        (504) 595-2877 (Juge)
        (504) 595-2914 (Goldman)
Fax:    (504) 595-2886 or 589-6861

- 13 -

**CAMILLE A. MONAHAN**
Trial Attorney
U.S. Equal Employment
Opportunity Commission
Milwaukee Area Office
310 West Wisconsin - Suite 800
Milwaukee, WI 53202
Tel: (414) 297-3548
Fax: (414) 297-3146
E-mail: camille.monahan@eeoc.gov

**COUNSEL FOR PLAINTIFF,
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

**FOR DEFENDANT:**

/s/ Janis van Meerveld
**Janis van Meerveld**
Adams and Reese LLP
Suite 4500, One Shell Square
New Orleans, LA 70139
Main: (504) 581-3234
Fax: (504) 566-0210
Direct: (504) 585-0459
E-Fax: (504) 553-9772
janis.vanmeerveld@arlaw.com

**COUNSEL FOR DEFENDANT,
RESOURCES FOR HUMAN
DEVELOPMENT, INC.**



EXHIBIT A